**FILED**
Lucinda B. Rauback, Acting Clerk
United States Bankruptcy Court
Augusta, Georgia
**By jpayton at 4:51 pm, Sep 29, 2012**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>11-10218</u> |
| THOMAS J. McFARLAND | ) | |
| | ) | |
| Debtor | ) | |
| ———————————— | ) | |
| | ) | |
| JOYLYNN HAGEN | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adversary Case |
| | ) | Number <u>11-01054</u> |
| THOMAS J. McFARLAND | ) | |
| | ) | |
| Defendant | ) | |
| ———————————— | ) | |

### OPINION AND ORDER

Joylynn Hagen ("Hagen" or "Plaintiff"), a creditor in this chapter 7 bankruptcy of Thomas J. McFarland ("Debtor" or "Defendant") filed this adversary proceeding pursuant to 11 U.S.C. §727(d) to revoke the Debtor's bankruptcy discharge. In response, Defendant filed a Motion to Dismiss the Amended Complaint,[1] as well as a Motion to Strike and a Motion for Sanctions.

Debtor filed the motion to dismiss pursuant to Federal

---

[1] The Plaintiff amended her initial Complaint as a matter of course on October 21, 2011, so the Court focuses its attention on the allegations of the Amended Complaint and the Motion to Dismiss the Amended Complaint. Fed. R. Civ. P. 15; Fed. R. Bankr. P. 7015(a).

Rule of Civil Procedure 12(b)(6).[2]  In accordance with Federal Rule of Civil Procedure 12(d), the motion to dismiss is converted to a summary judgment motion and matters outside the pleadings have been tendered by both parties and considered by the Court.  See Fed. R. Civ. P. 12(d); Rainwater v. 21st Mortg. Corp., 2010 WL 1330624 *7 n. 11 (E.D. Tex. Feb. 25, 2010).[3]  For the reasons discussed below, after converting the Motion to Dismiss to a summary judgment motion, the motion is Granted in Part and Denied in Part.  In addition, the Motion to Strike and the Motion for Sanctions are DENIED.

### FACTS

As way of background, this bankruptcy was precipitated by a $1,050,000.00 personal injury verdict against Debtor.  Debtor does not have adequate insurance to satisfy the judgment.  During the pendency of the personal injury lawsuit, Debtor began consulting with his bankruptcy counsel more than a year before the verdict was returned.  Debtor filed this chapter 7 bankruptcy within hours of the verdict.

---

[2] Made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012.

[3] Procedurally, this case is unusual in that many of the allegations emerged in connection with Debtor's claim of exemptions in the underlying case.  As a result, the parties have referred to, and I have considered, materials outside the pleadings.  On some issues, I also have had the opportunity to hear the testimony and observe the demeanor of the witness.

2

No objection to discharge was filed prior to the May 9, 2011 ("the Bar Date") and Debtor received his chapter 7 discharge on June 28, 2011. On October 11, 2011, Plaintiff filed this adversary seeking to revoke the discharge alleging the Debtor procured his discharge through fraud. Subsequently, Plaintiff amended her complaint on October 21, 2011. Plaintiff alleges she did not know of Debtor's fraud until after Debtor's discharge, and that if the fraud had been revealed prior to the discharge, it would have prevented Debtor from receiving the discharge. More specifically, the Complaint alleges Debtor committed fraud --

> . . . in that Debtor failed to list all of his assets in his schedules. Debtor: 1) understated his income; 2) failed to list certain income; 3) transferred a half interest in his most valuable assets in advance of filing his Chapter 7 petition; 4) failed to list current values of certain assets; 5) inconsistently represented that his wife owned a half interest in certain property; 6) failed to properly maintain his assets; 7) failed to list on his schedules the assets of his wife; [ ] 8) failed to maintain proper business records... [and 9)] has knowingly and fraudulently made a false oath or account in connection with the underlying Chapter 7 case.

Dckt. No. 8, Complaint, ¶¶ 5 and 26. Conversely, Debtor denies he obtained his discharge through fraud. Any mistakes were oversights and Plaintiff was given notice of most of the matters prior to Debtor's discharge. Furthermore, Debtor contends, even if known, none of the matters would have resulted in a denial of Debtor's

3

discharge.

For purposes of this opinion the key dates are:

March 9, 2011 – §341 Meeting date.

**May 9, 2011 – Bar date to file objections to discharge.  ("Bar Date").**

June 6, 2011 – First 2004 examination date. ("First 2004 Examination").

**June 28, 2011 – Debtor received his discharge.**

August 22, 2011 – Second 2004 examination date ("Second 2004 Examination").

**October 11, 2011 – Plaintiff filed her motion to revoke the discharge.**

### CONCLUSIONS OF LAW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c);[4] see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and

---

[4] Pursuant to Federal Rule of Bankruptcy Procedure 7056, Rule 56 of the Federal Rules of Civil Procedure is applicable in bankruptcy adversary proceedings.

4

> admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323 (internal quotations omitted). Once the moving party has properly supported its motion with such evidence, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); First Nat'l Bank of Arizona v. Cities Servs. Co., 391 U.S. 253, 288-89 (1968); Fed. R. Civ. P. 56(e). "In determining whether the movant has met its burden, the reviewing court must examine the evidence in a light most favorable to the opponent of the motion. All reasonable doubts and inferences should be resolved in favor of the opponent." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1502 (11th Cir. 1985)(citations omitted).

As the Eleventh Circuit has noted 11 U.S.C. §727(d)(1) requires a court to revoke a debtor's discharge if:

> (1) the debtor obtained the discharge through fraud;
>
> (2) the creditor possessed no knowledge of the debtor's fraud prior to the granting of the discharge; and
>
> (3) the fraud, if known, would have resulted in the denial of the discharge under 11 U.S.C. §727(a).

AO 72A
(Rev. 8/82)

The Cadle Co. v. Matos (In re Matos), 267 F. App'x 884, 887 (11th Cir. 2008). Revoking a debtor's discharge is an extraordinary remedy. Deangelis v. Shiloh (In re Shiloh), 2011 WL 3204916 *1 (Bankr. M.D. Pa. July 26, 2011). Revocation of a discharge under §727(d)(1) requires "both the existence of fraud in procuring the discharge and proof that the party requesting the revocation of the discharge did not know of such fraud until after the granting of the discharge." Grant v. Putnam (In re Putnam), 85 B.R. 881, 883 (Bankr. M.D. Fla. 1988). The party seeking revocation of a discharge bears the burden of proving all three of the conditions of §727(d) have been met by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 288 (1991). Courts construe the provisions of §727(d) liberally in favor of debtors; "the reasons must be real and substantial, not merely technical and conjectural." In re Matos, 267 F. App'x at 886.

"The phrase 'discharge was obtained through the fraud of the debtor' has been construed to refer to the behavior that would be sufficient for the denial of discharge under §727(a)(2)-(5)." Davis v. Osborne (In re Osborne), 476 B.R. 284, 292 (Bankr. D. Kan. 2012); Walton v. Staub (In re Staub), 208 B.R. 602 (Bankr. S.D. Ga. 1997)(discharge revoked for failure to disclose checking account business income, and military service income); O'Neal v. DePriest (In re DePriest), 414 B.R. 518 (Bankr. W.D. Mo. 2009)(discharge

6

revoked for failure to disclose 100% ownership interest in limited liability company and monthly income); Olsen v. Reese (In re Reese), 203 B.R. 425 (Bankr. N.D. Ill. 1997) (discharge revoked for failure to disclose entitlement to federal and state tax returns). However, "[a]s a general rule, to obtain relief under §727(d)(1), it is insufficient that a debtor's fraud render a particular debt nondischargeable; claimant must allege that the entire discharge would not have been granted but for debtor's fraud. Barnes v. Vision Bank (In re Barnes), 2010 WL 1254876 *7 (Bankr. N.D. Ala. March 24, 2010).

Plaintiff alleges four main grounds to revoke Debtor's discharge pursuant to §727(d)(1). First, Plaintiff contends Debtor failed to list a whole life insurance policy valued at approximately $13,000.00. It is undisputed that Debtor failed to disclose this policy before his discharge was entered and that Plaintiff was unaware of the policy until after Debtor's discharge was entered. In fact, Debtor testified at his first meeting of creditors that he had no whole life insurance policy. Chap. 7 Case No. 11-10218, Dckt. No. 144, Tr. §341 meeting, p. 14, lines 20-22.

Then, on June 6, 2011, Debtor testified he had again examined all his insurance policies and they were all term policies, purchased in the 1980s. Dckt. No. 26, Tr. 2004 Examination, pp. 38 and 67, lines 3-20 and lines 12-21. He testified that the insurance

7

expenditure on his Schedule J was for insurance belonging to his wife and not for any insurance that belonged to him. Id. at 64-65. Debtor contends he voluntarily disclosed the policy when he discovered it in his safe deposit box while responding to discovery requests from the Chapter 7 trustee that were unrelated to the policy.[5]

The mere fact that this policy may be exemptible under Georgia's exemption statutes does not affect the §727(d)(1) analysis. See In re Horton, 252 B.R. 245, 248 (Bankr. S.D. Ga. 2000). However, in connection with Debtor's attempt to exempt this policy in his bankruptcy, I have reviewed the various depositions and heard Debtor's testimony and cross-examination concerning his discovery of this policy. It is true that Debtor had consulted with bankruptcy counsel for at least a year before filing bankruptcy and that this policy should have been disclosed. Nevertheless, after considering the matter and observing Debtor's demeanor, I do not find Debtor's conduct falls within the parameters of §727(a)(2), (a)(3) or (a)(4), and therefore, I find Debtor is entitled to summary judgment as to Plaintiff's claims to revoke Debtor's discharge pursuant to §727(d)(1) for his failure to timely disclose

---

[5] While Debtor's statement of financial affairs indicates he does not have a safe deposit box, at his §341 meeting Debtor clearly stated he did have a safe deposit box. Chap. 7 Case No. 11-10218, Tr. §341 meeting, Dckt. No. 144, p. 16, lines 9-10.

✎AO 72A
(Rev. 8/82)

this whole life insurance policy.  In re Matos, 267 F. App'x at 888 (quoting and affirming the bankruptcy court's conclusion that the error was through inadvertence or an honest mistake and therefore denying movant's request to revoke debtor's discharge pursuant to §727(d)(1)).  Contemporaneously herewith an order on the Trustee's objection to Debtor's exemptions is being entered.  In re McFarland, Chapter 7 Case No. 11-10218 (Bankr. S.D. Ga. Sept. 29, 2012)(exemption order).  For the reasons cited herein, and in the exemption order, I do not find Debtor's conduct in regards to this omission to constitute fraud as contemplated by §727(d)(1).

Second, Plaintiff alleges Debtor under-reported his monthly income by approximately $1,402.00 per month.  Chap. 7 Case No. 11-10218, Dckt. No. 147, p. 18, line 21 and p. 20, line 25.  Debtor's schedules purportedly under-reported his monthly retirement income by approximately $1,000.00 and he also failed to annualize his income from bus driving.  Debtor acknowledged this error in his reporting of his net retirement amount and disclosed this at his 2004 Examination given after the Bar Date, but prior to the entry of discharge.  This is a significant reporting error and summary judgment is denied finding there is a genuine issue of material fact if this would have resulted in a denial of Debtor's discharge pursuant to §727(a)(2) and/or (a)(4).

Generally, in a chapter 7 case, the bar date to file a

9

complaint objecting to a debtor's discharge must be filed no later than sixty days after the first date set for the meeting of creditors. Fed. R. Bankr. P. 4004(a). In this case, the bar date to file objections to discharge in Debtor's bankruptcy case was May 9, 2011. Id.; See also Chap. 7 Case No. 11-10218, Dckt. No. 4. For cause, the time for filing such a complaint may be extended, but the request for an extension must be filed before the initial time has expired. Fed. R. Bankr. P. 4004(b).[6] In this case, there was no timely motion to extend the time and there were no objections to discharge filed prior to the bar date and the discharge was entered June 28, 2011. Chap. 7 Case No. 11-10218, Dckt. No. 57, Discharge Order.

Plaintiff discovered several matters in the gap period between the Bar Date and entry of the discharge. After considering the matter and noting there is a split of authority, I find the fact that Plaintiff received notice of some of the purported fraud after the Bar Date but before the discharge does not prevent the Plaintiff from pursuing a §727(d) action. See Citibank, NA v. Emery (In re Emery), 132 F.3d 892 (2nd Cir. N.Y. 1998); In re Staub, 208 B.R. at

---

[6] Bankruptcy Rule 4004(b) was amended in December 2011, and the amendment is not applicable to this case. Nevertheless, it lends some support to the conclusion that discharges may be revoked under §727 for matters discovered in the gap between the bar date and discharge.

606; contra  Powell v. First Nat'l Bank (In re Powell), 113 B.R. 512 (W.D. Ark. 1990).

As for the income from driving buses, Debtor has two sources of income.  First, Debtor disclosed in his Statement of Financial Affairs that he received approximately $11,000.00 the year before he filed for bankruptcy from Horizon.  He continues to work for Horizon but he did not disclose this annualized income on his Schedule I. Nevertheless, Plaintiff was on notice of this prior income from the Statement of Financial Affairs.  Chap. 7 Case No. 11-10218, Dckt. No. 10, SOFA, Q. 1, p. 17.  In addition, Debtor disclosed his Horizon income and part-time job at his §341 meeting, prior to the Bar Date.  Chap. 7 Case No. 11-10218, Dckt. No. 144, Tr. §341 meeting, p. 43, lines 17-25, and p. 44, lines 1-9.  As a result, Plaintiff's claims in this regard fail to satisfy §727(d)(1), and therefore, I find there is no genuine material issue of fact regarding this income and grant Debtor's Summary Judgment Motion on this matter.

Debtor also derives income from driving school buses for Columbia County a few times a year as part of their evacuation drills.  This income was not disclosed in Debtor's schedule I. Debtor testified after the Bar Date that he quit tendering his time sheets when teachers were being furloughed and he withheld his time sheets until the county indicated he would be terminated if he did

11

not submit his records.  Dckt. No. 26, Tr. 2004 examination, p. 6, lines 3-12, p. 22, lines 20-25, p. 66, lines 9-16.  This is a relatively small amount of income but coupled with the other discrepancies survives the Debtor's Summary Judgment Motion.

There also are allegations that Debtor failed to properly report his non-debtor's wife's income and assets.  Specifically, Plaintiff complains Debtor failed to disclose his wife's social security income, her rental income and various assets she owns outright, such as real estate and an annuity.  Schedules I and J of the Debtor's bankruptcy petition require Debtor to include his wife's income and their household expenses, but he is not required to include all her assets in his bankruptcy petition.  Furthermore, at Debtor's §341 meeting, the parties were put on notice that Debtor's wife received social security benefits.  Chap. 7 Case No. 11-10218, Tr. §341 meeting, Dckt. No. 144, p. 43, lines 10-16.  From Debtor's testimony at the §341 meeting, prior to the Bar Date, they also were on notice that she has "some money from her estate from parents."  Id. at 27, lines 14-16.  I find Debtor's testimony at the §341 meeting was sufficient notice to put the parties in interest on notice of her inheritance and social security benefits and that the parties in interest could have pursued these issues.  While Plaintiff's motion to participate in the adversary currently being pursued by the Trustee was denied, nothing prevented her from

12

conducting discovery in this bankruptcy case. Chap. 7 Case No. 11-10218, Dckt. No. 177, Order Denying. She could have conducted a 2004 examination and undertaken discovery in regards to these claims. In re Martin, 403 B.R. 359, 362 (Bankr. D.S.C. 2009) (2004 examinations are independent of a complaint or contested matter).

Nevertheless, Plaintiff was not on notice as to Debtor's non-debtor spouse's rental income. This coupled with the other deficiencies is sufficient to survive Debtor's summary judgment motion. As previously explained, this bankruptcy really only involves Debtor and Plaintiff. The timely discovery of Debtor's failure to adequately and candidly disclose all of his assets and family income may have resulted in a denial of his discharge pursuant to §727(a)(2) and/or §727(a)(4). For these reasons, Debtor's Motion for Summary Judgment is granted as to Debtor's failure to disclose his wife's social security benefits, real estate assets she owned outright and inheritance she received; however, Plaintiff was not on notice as to Debtor's wife's rental income which should have been disclosed and therefore, Debtor's Motion for Summary Judgment is denied as to those allegations.

Third, Plaintiff alleges Debtor substantially undervalued his Hartford annuity policy, his IRA and various other personal assets. His schedules list the current value of the annuity at $150,000.00 and the IRA at $20,000.00. Chap. 7 Case No. 11-10218, Dckt. No. 10,

Sch. B.  At his §341 meeting, Debtor testified that "with the market the way its been, it's hard to say [the value of the annuity], but I think it's up a little higher than [$150,000.00] right now." Chap. 7 Case No. 11-10218, Tr. §341 meeting, Dckt. No. 144, p. 24, lines 3-5.  An account statement was provided after the Bar Date, values the account at approximately $170,000.00 around the date the bankruptcy petition was filed.  Chap. 7 Case No. 11-10218, Hartford Quarterly Statement, Trustee's Ex. No. 2, Hr'g Sept. 7, 2011.  At his §341 meeting, prior to the Bar Date, Debtor testified that he did not have the documents creating the annuity or IRA, but his son with Sterne Agee had them.  Chap. 7 Case No. 11-10218, Tr. §341 meeting, Dckt. No. 144, p. 24, lines 24-25, and p. 25, lines 1-6. There is no dispute that Plaintiff knew of the Annuity and IRA prior to the Bar Date.  Debtor did not prevent Plaintiff's further examination of the nature of the Annuity or IRA including their valuation and for these reasons a revocation of Debtor's discharge pursuant to §727(d)(1) is not merited and Debtor is entitled to Summary Judgment on this issue.

Fourth, one of the major allegations of fraud involves Debtor's pre-petition transfer of three real estate lots in Chatham County to his wife.  Debtor freely admits to attempting to protect his assets from Plaintiff's judgment.  Debtor's bankruptcy petition discloses the three lots and Debtor testified at his §341 meeting,

14

prior to the Bar Date, that he transferred these lots to his non-debtor spouse in November of 2009. Chap. 7 Case No. 11-10218, Tr. §341 meeting, Dckt. No. 144, p. 8, lines 10-12. Plaintiff contends this transfer of real property was a fraudulent attempt to hide assets from the Trustee and from Plaintiff. The Trustee is pursuing a §548 action in regards to these lots. Without reaching the merits of these contentions, it is undisputed that all the parties knew of this transfer before the Bar Date and therefore this is not grounds to revoke Debtor's discharge under §727(d)(1). For these reasons, Debtor is entitled to Summary Judgment on this issue.

Plaintiff also alleges Debtor's discharge should be revoked for his failure to maintain certain equipment from unreasonable deterioration, properly value certain assets, and for his lack of records. There are no allegations that Debtor prevented Plaintiff from examining the equipment. Furthermore, Debtor testified at his §341 meeting that he maintains his records through his checkbook and receipts. Chap. 7 Case No. 11-10218, Dckt. No. 144, Tr. §341 meeting, p. 28., lines 24-2, p. 29, lines 1-25, p. 30, lines 1-4. At that time, he also disclosed that some records were lost in 2007, before the accident, when he lost his checkbook ledger. Id. at p. 29 lines 23-25 and p. 30, lines 1-4. The extent of record keeping required is determined by the sophistication and business of the debtor. Goff v. The Russell Co. (In re Goff), 495 F.2d 199, 201-02

15

(5th Cir. 1974).[7]  Considering this issue, I find Debtor is entitled to summary judgment as to the Plaintiff's claims alleging that Debtor's discharge should be revoked for Debtor's conduct regarding these matters.  Given the nature of Debtor's business and household, there is no evidence of fraud or misconduct to sustain a §727(a)(2), (a)(3) or (a)(4) action as for these allegations.  Furthermore, Plaintiff knew of this matter prior to the Bar Date.  As previously stated, Plaintiff could have conducted a 2004 examination of the Debtor and the property of the estate.  Debtor's conduct reflecting that his wife may own a half interest in certain personal property does not rise to the level of improper §727(a) conduct.  For these reasons, Debtor's Motion for Summary Judgment on these matters is granted because there is no evidence that Plaintiff did not know of this prior to the Bar Date and furthermore, no evidence of any improper §727(a)(2)-(4) conduct.

**Motion to Strike.**

Defendant also filed a Motion to Strike several paragraphs of Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(f) made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012(f).  Federal Rule 12(f)

---

[7]  In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions issued by the former Fifth Circuit before October 1, 1981.

16

states:

> The court may strike from a pleading an insufficient defense or **any redundant, immaterial, impertinent, or scandalous matter.** The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

> [W]hile a court possesses 'considerable discretion' in deciding a motion to strike under Rule 12(f), such motions are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issue.'

Perma-Liner Industr., Inc. v. US Sewer & Drain, Inc., 630 F. Supp. 2d 516, 526 (E.D. Pa. 2008)(internal citation omitted). Motions to strike are not favored and will be denied if the allegation has any possible relation to the controversy before the Court.   In re Sunbeam Sec. Litigation, 89 F. Supp.2d 1326 (S.D. Fla. 1999); Carlson Corp. v. School Bd. of Seminole County, 778 F. Supp. 518, 519 (M.D. Fla. 1991). With regards to Debtor's motion to strike, it remains to be seen from the evidence yet to be presented whether the information contained in the pertinent paragraphs of the complaint are ultimately relevant to the revocation of Debtor's discharge. Allowing the complaint to remain will not prejudice any of the parties and will not confuse the issues at hand.   As the fact

AO 72A
(Rev. 8/82)

finder, I will determine the admissibility and weight to be accorded specific evidence at the appropriate time.   See Wolfson v. Sriberg (In re Sriberg), 49 B.R. 80, 82 (Bankr. D. Mass. 1984).

**Motion for Sanctions.**

Finally, citing basically the same grounds as in the motion to strike, Defendant has moved for sanctions against Plaintiff's counsel.   Bankruptcy Rule 9011(c) provides in pertinent part:

> [i]f after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Plaintiff filed a Supplemental Brief in Response to Debtor's Motion for Sanctions and a hearing was held on the matter.   The Court now determines whether Plaintiff's Counsel has violated Subdivision (b), which provides:

> [b]y presenting to the court a petition, pleading, written motion, or other paper, an attorney or unrepresented person is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
> (1) it is not being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous

18

> argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

"Sanctions under Bankruptcy Rule 9011 are warranted when (1) the papers are frivolous, legally unreasonable or without factual foundation, or (2) the pleading is filed in bad faith or for an improper purpose." Tarrant v. City of Douglas (In re Tarrant), 190 B.R. 704, 709 (Bankr. S.D. Ga. 1995) quoting Glatter v. Mroz (In re Mroz), 65 F.3d 1567, 1572 (11th Cir. 1995). In determining whether the requirements of Bankruptcy Rule 9011 have been met, courts may look to cases that interpret Federal Rule of Civil Procedure 11. Rollins v. Dye (In re Coastal Care Res., L.L.C.), 2004 WL 5848053 * 6 (Bankr. N.D. Ga. Feb. 7, 2004).

Rule 9011(b) analysis requires two steps: (1) "whether the party's claim is objectively frivolous, in view of the law or facts and then, if it is, (2) whether the signer should have been aware that it was frivolous" -- whether he would have been made aware by a reasonable inquiry. In re Mroz, 65 F.3d at 1573.

"The Rule does not mean to deter an attorney's enthusiasm or creativity in pursing factual or legal theories, rather, it is intended to avoid unnecessary delay and expense in litigation by deterring costly meritless maneuvers." <u>Florida Bay Banks, Inc. v. Florida Dep't of Banking and Fin. (In re Florida Bay Banks, Inc.)</u>, 156 B.R. 673, 675 (Bankr. N.D. Fla. 1993). "Generally only those claims without any factual or legal basis whatsoever are sanctionable." <u>Id.</u> As the record reflects this continues to be a hard fought dispute, with Debtor trying to protect his assets, and Plaintiff trying to satisfy her judgment. As long as these actions are pursued in accordance with applicable law, there is nothing improper about either party's position.   After considering the matter, I find that the documents filed by Plaintiff's counsel are not frivolous, legally unreasonable or factually unfounded, nor do I find that they were filed in bad faith or for an improper purpose. While I ultimately have granted summary judgment to the Debtor on several matters, Plaintiff's pleadings raise legitimate concerns about Debtor's omission and course of conduct.   Therefore, the conduct of Plaintiff's counsel meets the first requirement of Bankruptcy Rule 9011.

At times, Plaintiff's counsel may confuse the legal standards, but he has not made an argument that is not based in statute and case law. As previously discussed, the claims surviving

20

Debtor's Summary Judgment Motion, if proven at trial, are within the accepted applications of 11 U.S.C. §727(d)(1).  Furthermore, based on the information provided at the hearings and in the pleadings, Plaintiff's counsel conducted a reasonable investigation to determine that facts exist that could lead the court to determine a revocation of discharge is appropriate.  Plaintiff's counsel's filings do not violate the standards set by Bankruptcy Rule 9011 and sanctions are not appropriate.

For these reasons it is hereby ORDERED, that Defendant's Motion to Dismiss, which the Court has treated as a Motion for Summary Judgment, is GRANTED IN PART AND DENIED IN PART.

It is further ORDERED that the Motion to Strike and the Motion for Sanctions are DENIED.

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this **29th** Day of September 2012.

21